UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAVIER HUGO PEREZ** | : | **DOCKET NO. 2:23-cv-0402** |
| **REG. #31562-279** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FEDERAL BUREAU OF PRISONS** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 5] filed pursuant to 42 U.S.C. § 1983 by plaintiff Javier Hugo Perez ("Perez"), who is proceeding *pro se* and *in forma pauperis* in this matter. Perez is a prisoner in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. He seeks monetary damages from the defendants and asks this Court to release him from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

Plaintiff contends that he should be released from custody immediately on the grounds that he is a "minimum security inmate who is eligible for FSA time credits." Doc. 5, p. 4. He also seeks monetary compensation for each "illegal day of confinement." *Id.*

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Perez has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court concluded that a claim calling into question the legality of a conviction is not cognizable in a civil rights action. In order to recover damages based upon an allegedly unconstitutional conviction, the plaintiff must demonstrate that his conviction has been overturned or declared invalid. 512 U.S. at 486-87. *Heck* also applies where a plaintiff seeks injunctive relief which, if granted, would necessarily imply that a conviction is invalid. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (a prisoner's civil rights action is barred, no matter what relief is sought, if success would necessarily demonstrate the invalidity of a criminal conviction).

As a judgment in favor of plaintiff in this matter would necessarily imply the invalidity of the length of his confinement, and as he has not alleged that his confinement has been declared to be invalid, he has failed to state a claim upon which relief may be granted.

### D. *Habeas Relief*

Plaintiff also prays for his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action. To the extent that he maintains that his custody is pursuant to the judgment of a state court, he must seek relief in a petition for habeas corpus pursuant to 28 U.S.C. §2254; to the extent that he otherwise claims that his incarceration is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241[1]. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's court system.

---

[1] Presently pending before this Court is a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. §2241, filed by Perez. *See Perez v. Martinez*, Civil Action No. 2:23-cv-00393-JDC-KK.

Since release from custody is not available in this proceeding, plaintiff fails to state a claim for which relief may be granted and therefore his requests for release from custody should be dismissed for failing to state a claim for which relief may be granted.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE